IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Janiah Monroe (R67440), | Case No. 17 cv 50218 |
| Plaintiff, | |
| v. | Judge Frederick J. Kapala |
| John Varga, Daryl Pernell, Wayne Steele, Jonathan Provo, Dan Newman, Michael Koppien, Garrett Williams, Jamie Harris, Cody Brant, Randy Block, Joshua Fiorini, Dakota Sharp, Carlos Reyes, Miles Rispky, Toby Glenn, Luis Aguyao, Peter Knudson, and Derek Heslop | Magistrate Judge Iain D. Johnston |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff Janiah Monroe by her undersigned attorneys, for her complaint against defendants John Varga, Daryl Pernell, Michael Koppein, Wayne Steele, Jonathan Provo, Dan Newman, Michael Koppien, Garrett Williams, Jamie Harris, Cody Brant, Randy Block, Joshua Fiorini, Dakota Sharp, Carlos Reyes, Miles Rispky, Luis Aguyao, Toby Glenn, Peter Knudson, and Derek Heslop, alleges as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by First and Eighth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

4. Plaintiff is a 29-year old transgender woman who, at all times relevant to this complaint, was housed at Dixon Correctional Center in Dixon, Illinois.

5. Defendant John Varga is the Warden of Dixon Correctional Center. At all times relevant to this complaint, Defendant Varga promulgated rules, regulations, policies, and procedures at Dixon, and was responsible for supervising all staff and managing all operations at Dixon.

6. Defendant Daryl Pernell was an officer at Dixon Correctional Center, until roughly January 2017, when he was placed on administrative leave.

7. Defendant Wayne Steele was an Assistant Warden at Dixon Correctional center at all times relevant to this complaint.

8. Defendant Jonathan Provo was a Major at Dixon Correctional Center at all times relevant to this complaint.

9. Defendant Dan Newman was a Lieutenant at Dixon Correctional Center at all times relevant to this complaint.

10. Defendant Michael Koppien was a Lieutenant at Dixon Correctional Center at all times relevant to this complaint.

11. Defendants Garrett Williams, Jamie Harris, Cody Brant, Randy Block, Joshua Fiorini, Dakota Sharp, Carlos Reyes, Miles Rispky, Toby Glenn, Luis Aguyao, Peter Knudson, and Derek Heslop were officers at the Dixon Correctional Center at all times relevant to this complaint.

12. At all times relevant to this complaint, the above-named defendants were acting under color of law and within the scope of their employment with the Illinois Department of Corrections.

### Relevant Background

13. Plaintiff is a transgender woman who has been in IDOC custody for approximately 10 years.

14. Plaintiff has openly expressed her gender identity in prison. She has received hormone replacement therapy for years, and has repeatedly sought gender reassignment surgery as well as a transfer to women's prison.

15. During plaintiff's incarceration, prison administrators -- including those at Dixon -- have been aware of plaintiff's gender identity.

16. They are also aware that plaintiff's gender identity puts her at an increased risk for sexual assault inside a men's prison.

17. According to the National PREA Resource Center, "Being transgender is a known risk factor for being sexually victimized in confinement settings." National PREA Resource Center (available at https://www.prearesourcecenter.org/node/3927).

18. According to a 2014 report issued by U.S. Department of Justice's Bureau of Justice Statistics, almost 40% of transgender prisoners reported sexual victimization in state and federal prisons—a rate that is ten times higher than for prisoners in general. U.S. Dep't of Justice, Bureau of Justice Statics, *Sexual Victimization in Prisons and Jails Reported by Inmates, 2011-12*, *Supplemental Tables: Prevalence of Sexual Victimization Among Transgender Adult Inmates*, December 2014 (available at https//www.bjs.gov/content/pub/pdf/svpjri1112_st.pdf).

**Defendant Pernell Sexually Assaults Plaintiff**

19. In fall 2016, plaintiff encountered a corrections officer at Dixon named Darryl Pernell. Pernell was assigned to work in Dixon's recreation area, and plaintiff would see him when she went to the gym for recreation.

20. Plaintiff soon began to feel uncomfortable around Pernell because he acted overly-familiar around her and touched her in ways that felt inappropriate.

21. In an effort to avoid further encounters with Pernell, plaintiff sent a note (also called a "kite") to Dixon Correctional Center Warden John Varga.

22. In the note, plaintiff stated that Pernell was acting inappropriately and asked the Warden to have Pernell moved.

23. On information and belief, Warden Varga received the note, but took no action to protect plaintiff from Pernell.

24. In early December 2016, while plaintiff was changing her clothes in the locker room, Pernell came up to her and rubbed the back of her neck, saying to "you know you want me, show me how much," or words to that effect.

25. Pernell then pushed plaintiff to her knees and forced her to perform oral sex on him.

26. After this first incident, later in December, Pernell again cornered plaintiff in the gym locker room and tried to force plaintiff to perform oral sex on him, but plaintiff fumbled with Pernell's boxers until he gave up.

27. On December 24, 2016, Pernell called plaintiff from the gym into his office. Pernell then had plaintiff go in to the locker room where he said to her, "show me what you're working with," or words to that effect, which plaintiff understood as an order to expose her

4

breasts to Pernell. Plaintiff complied with his order by lifting her shirt and bra, and Pernell grabbed plaintiff's breast.

28. All of the sexual conduct between plaintiff and Pernell was non-consensual.

29. Although plaintiff was initially hesitant to come forward about Pernell's misconduct, she filed a formal PREA complaint on or around December 24, 2016.

30. As a result of plaintiff's PREA complaint, IDOC initiated an internal investigation, and Pernell was placed on administrative leave.

31. Several months later, while Pernell was still on leave, Pernell was charged criminally with custodial sexual assault. The criminal charges remain pending to this day.

**Defendants' Retaliation**

32. In the period following plaintiff's PREA complaint about Pernell, several IDOC employees took retaliatory actions against plaintiff.

33. For example, within days of plaintiff making the report, plaintiff was moved from A-wing, a housing unit that had been a relatively safe environment for plaintiff, to B-wing, where plaintiff lived in greater fear of sexually inappropriate conduct by other prisoners. On information and belief, the decision to move plaintiff was made by defendants Provo, Steele and/or Newman.

34. In addition, defendant Koppein and/or other as yet unidentified officers placed a "PREA" sign outside of plaintiff's cell door. This action was taken to punish and embarrass plaintiff and to cause others within the prison to label her a "snitch," causing her to live in fear and putting her at even greater risk for mistreatment.

35. In the months that followed – from approximately February 2017 to May 2018 – plaintiff was targeted by numerous other officers for retaliation. Several officers, including but

not limited to, defendants Williams, Harris, Brant, Block, Fiorini, Sharp, Reyes, Ripski, and Aguayo wrote plaintiff bogus disciplinary tickets – more than 10 over this period – repeatedly sending her to segregation and causing her to lose privileges. Furthermore, defendants Glenn, Knudson, Fiorini and Heslop used excessive force against plaintiff for no legitimate penological purpose by spraying her with pepper spray and chaining her to a cell door.

## Count I
## 42 U.S.C. § 1983 - Eighth Amendment

36. Plaintiff incorporates each paragraph of this complaint as if fully set forth in this count.

37. In the manner described more fully above, defendant Pernell's conduct toward plaintiff violated her constitutional right to be free from cruel and unusual punishment.

38. Likewise, in the manner described more fully above, defendant Varga violated plaintiff's right to be free from cruel and unusual punishment because he knew of a substantial risk that Plaintiff would be subjected to sexual assault and acted with deliberate indifference toward that risk.

39. As a result of the misconduct described in this count, plaintiff suffered harm.

## Count II
## 42 U.S.C. § 1983 - First Amendment Retaliation

40. Plaintiff incorporates each paragraph of this complaint as if fully set forth in this count.

41. In the manner described more fully above, plaintiff engaged in protected First Amendment activity when she filed a PREA complaint against Pernell; defendants Provo, Steele, Newman, Koppein, Williams, Harris, Brant, Block, Fiorini, Sharp, Reyes, Ripski, Aguayo, Glenn, Knudson, Fiorini and Heslop caused plaintiff to suffer a deprivation likely to deter further

6

First Amendment activity; and plaintiff's First Amendment activity was the motivating factor in defendants' decision-making.

42. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for plaintiff's clearly established constitutional rights, and not for any legitimate penological purpose.

43. As a result of the misconduct described in this count, plaintiff suffered harm.

WHEREFORE, Plaintiff Janiah Monroe requests that this Court enter judgment in her favor against the Defendants John Varga, Daryl Pernell, Michael Koppein, Wayne Steele, Jonathan Provo, Dan Newman, Michael Koppien, Garrett Williams, Jamie Harris, Cody Brant, Randy Block, Joshua Fiorini, Dakota Sharp, Carlos Reyes, Miles Rispky, Toby Glenn, Luis Aguyao, Toby Glenn, Peter Knudson, and Derek Heslop in the following manner, awarding compensatory damages, punitive damages, and attorneys' fees and costs, and such other and further relief as this Court may deem appropriate and just.

### Jury Demand

Plaintiff requests a trial by jury on all claims so triable.

Respectfully submitted,

**Janiah Monroe**

By: /s/ Elizabeth Mazur
    One of her attorneys

Alan Mills
Elizabeth Mazur
Nicole Schult
Uptown People's Law Center
4413 N. Sheridan
Chicago, IL 60640
(773) 769-1411