UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Janiah Monroe, <br><br> Plaintiff, <br><br> v. <br><br> John Varga et al., <br><br> Defendants. | No. 3:17-cv-50218 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janiah Monroe brings this action under 42 U.S.C. § 1983 against numerous administrators at Dixon Correctional Center ("Dixon"), including Defendant John Varga, the warden of Dixon. She alleges that Defendants violated her First and Eighth Amendment rights. Before the Court is Warden Varga's motion to dismiss. For the following reasons, the motion is denied.

**I.    Background**

Ms. Monroe is a transgender woman who was incarcerated at Dixon. Dkt. 64 ¶ 4. She openly expressed her gender identity in prison, and prison administrators were aware of her gender identity. *Id.* ¶¶ 14-15.

In the fall of 2016, Ms. Monroe began to encounter Defendant Darryl Pernell, who was a corrections officer at Dixon until January 2017. *Id.* ¶¶ 6, 19. He was assigned to Dixon's recreation area, so she would see him when she went to the gym. *Id.* ¶ 19. Ms. Monroe felt uncomfortable around Officer Pernell "because he acted overly[ ]familiar around her and touched her in ways that felt inappropriate."

1

*Id.* ¶ 20. She sent a note to Warden Varga; the note stated that Officer Pernell was acting inappropriately, and it asked to have him moved. *Id.* ¶¶ 21-22. Warden Varga received the note but took no action. *Id.* ¶ 23.

In December 2016, Officer Pernell came up to Ms. Monroe when she was changing in the locker room. *Id.* ¶ 24. He rubbed the back of her neck and said something along the lines of "you know you want me" and "show me how much." *Id.* He "then pushed [her] to her knees and forced her to perform oral sex on him." *Id.* ¶ 25. Later that month, Officer Pernell again "cornered [Ms. Monroe] in the gym locker room and tried to force [her] to perform oral sex on him." *Id.* ¶ 26. On December 24, Officer Pernell called Ms. Monroe into this office, and then had her go into the locker room, where he ordered her to show her breasts. *Id.* ¶ 27. She lifted her shirt and bra, and he grabbed her breast. *Id.*

Soon after, Ms. Monroe filed a formal PREA complaint, which led to an internal investigation. *Id.* ¶¶ 29-30. Officer Pernell was placed on administrative leave and later faced criminal charges for custodial sexual assault. *Id.* ¶¶ 30-31. Ms. Monroe was moved to a housing unit that she found less safe, and some prison officers put a sign that said "PREA" outside her cell door. *Id.* ¶¶ 33-34. Several officers retaliated against Ms. Monroe; the retaliation included writing bogus disciplinary tickets and using excessive force by spraying her with pepper spray and chaining her to a cell door. *Id.* ¶ 35.

## II. Legal Standard

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

### III. Analysis

Under the Eighth Amendment, prison officials have a duty to take reasonable measures to guarantee the safety of incarcerated individuals. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To state a failure-to-protect claim, a plaintiff must allege (1) that they are "incarcerated under conditions posing a substantial risk of serious harm" and (2) that the defendants "acted with 'deliberate indifference' to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834); *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010). For deliberate indifference, the plaintiff must "allege facts sufficient to show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago*, 599 F.3d at 756.

Warden Varga challenges the deliberate indifference element, arguing that the complaint fails to allege (1) that he had actual knowledge of the impending harm and (2) that he was personally responsible for Officer Pernell's conduct.

3

### A. Actual Knowledge

Warden Varga argues that the complaint's factual allegations don't show he had actual knowledge of a specific threat, but he relies on summary judgment decisions to argue that the note Ms. Monroe sent was too vague—what a court found insufficient at summary judgment is unhelpful for deciding a motion to dismiss, as summary judgment imposes a different standard with which to view the sufficiency of the facts. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Brown*, 398 F.3d at 914.[1]

The note to Warden Varga stated that Officer Pernell was acting inappropriately. Dkt. 64 ¶¶ 21-22. Based on that, it is reasonable to infer that Warden Varga knew specifically the potential victim and the potential source. If stating that Officer Pernell was acting inappropriately was enough to convey a specific risk, then Ms. Monroe has sufficiently pleaded that Warden Varga knew of the risk of harm. *See Brown*, 398 F.3d at 915 ("[W]e have often found deliberate indifference where custodians know of threats to a *specific detainee* posed by a *specific source* . . . ."); *see also Thomas v. Dart*, 39 F.4th 835, 842-43 (7th Cir. 2022).

Viewed in a vacuum, the phrase "acting inappropriately" might be vague, but to jump to that conclusion would be to view the facts in Defendants' favor. The complaint provides more information on how "acting inappropriately" might be interpreted by also alleging that the prison administrators were aware of Ms.

---

[1] The Court's standing orders also warn counsel to not rely on summary judgment cases in support of motions to dismiss.

4

Monroe's gender identity and the increased risk for sexual assault for her in a men's prison. Dkt. 64 ¶¶ 15-16.[2] With that context, it's reasonable to infer that Warden Varga knew that Officer Pernell "acting inappropriately" with a transgender woman incarcerated at Dixon could lead to sexual assault. *Cf. Santiago*, 599 F.3d at 758-59 (finding that a grievance claiming that prison officials were placing the plaintiff "in cells with inmates with whom there was bound to be a confrontation" was sufficient to allege that the prison warden knew of the risk to the plaintiff); *Miller v. Fisher*, 219 F. App'x 529, 532 (7th Cir. 2007) (finding the plaintiff sufficiently to have alleged that the defendants knew there was a substantial risk of harm because the plaintiff informed them of threats from a fellow inmate to "get" him).

### B. Personal Involvement

Under § 1983, a plaintiff must allege that the defendant's own conduct led to a constitutional violation. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Warden Varga argues that there's nothing alleged to have happened "at his direction," so he was not personally involved. Dkt. 173 at 7. But the complaint alleges that Warden Varga failed to take action to protect Ms. Monroe from Officer Pernell after receiving her note. Dkt. 64 ¶ 23. Paired with the alleged knowledge of potential harm, that is sufficient at this stage to allege that Warden Varga disregarded the risk of harm toward Ms. Monroe. *Brown*, 398 F.3d at 916.

---

[2] Warden Varga characterizes these as "merely generic allegations," but factual allegations can be directed at all of the defendants collectively. *Brooks*, 578 F.3d at 582; *see also Cutrone v. Allstate Corp.*, No. 20 CV 6463, 2021 U.S. Dist. LEXIS 185430, at *22-23 (N.D. Ill. Sept. 28, 2021).

5

## IV. Conclusion

Ms. Monroe's complaint has sufficiently pleaded that Warden Varga had knowledge of the risk of harm by Officer Pernell's conduct and that Warden Varga disregarded the risk. Warden Varga's motion to dismiss is denied. The Court notes that a Pavlovian response to any claims against Warden Varga—or anybody serving as warden at Dixon—is to file Rule 12 motions to dismiss raising lack of knowledge and personal involvement. That practice should stop.

Date: April 9, 2024

_____
Honorable Iain D. Johnston
United States District Judge